884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Vinton P. SKIDMORE, Petitioner
v.
Ann McLAUGHLIN, Secretary of Labor, United States Department
of Labor, Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 88-3170.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 9, 1989.
Decided Aug. 17, 1989.
 
 Vinton P. Skidmore, petitioner pro se.
 Barbara J. Johnson, Nicholas J. Levintow, (United States Department of Labor), for respondents.
 Before DONALD RUSSELL, WIDENER, and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Vinton Parsons Skidmore petitions for review of the Benefits Review Board's decision and order affirming the administrative law judge's denial of black lung benefits. Skidmore takes issue with the ALJ's finding that he worked as a coal miner within the meaning of the Black Lung Benefits Act for only nine years and one month and, thus, he is not entitled to the interim presumption under 20 C.F.R. 727.203. We believe sufficient differences exist between the record and the ALJ's findings to suggest that Skidmore may have worked as a coal miner for periods which the ALJ did not include in his calculations. Therefore, we vacate and remand for further proceedings.
 
 
 2
 Skidmore claims he worked as a coal miner for a total of 12 to 13 years. The ALJ found that Skidmore proved three years of coal mine employment from 1936 to 1939 with the Elk River Coal and Lumber Company. He also credited Skidmore with one year of coal mine employment for work done in his own mine. Finally, the ALJ credited Skidmore with five years and one month of coal mine employment from 1948 through 1956. The ALJ found that Skidmore worked from 1952 to 1956 at a coal mine that changed ownership several times. Based on Social Security records of quarterly earnings[1], the ALJ found that Skidmore worked at this mine for C.L. Moore & Son Coal Co. from January through June 1952, for Floyd Coal Co. from July through September 1952 and April through June 1953, for Irish Ridge Coal Company from October through December 1952 and July 1953 through March 1954, and for Ideal Coal Corp. from October 1955 through July 1956.
 
 
 3
 Based on our review of the ALJ's findings and the record, we find an unexplained gap in Skidmore's work history from March 1954 to July 1955.[2] The Social Security records show that Skidmore worked for both Irish Ridge Coal and S & G Coal during the first quarter of 1954. While the ALJ did not mention Skidmore's work with S & G, he did credit Skidmore with a full quarter's work with Irish Coal for this period. We find it puzzling, however, that the Social Security records show that Skidmore earned identical wages during this quarter at both Irish and S & G--$1,008.39. On remand, the ALJ should closely examine this overlap to ensure that an error has not been made in the dates of Skidmore's employment by S & G.
 
 
 4
 The record also contains a photocopy of Skidmore's paycheck stub for work with Ideal Coal from January 2-7, 1955. Neither the Social Security records nor the ALJ's calculation of Skidmore's coal mine employment mentions any work for this quarter. While our review of the record found only this stub for one week's wages during this quarter, it is possible that on closer examination the ALJ will find that Skidmore worked for a longer period.
 
 
 5
 Skidmore also testified that the Vernon Long Coal Company owned the mine before it was purchased by Ideal. This testimony suggests that he may have worked for Vernon Long Coal Company at some point between March 1954 and July 1955. However, neither the ALJ's findings nor our review of the record settles this question, and it, too, must be the subject of closer examination on remand.
 
 
 6
 We, therefore, vacate the Benefits Review Board's decision and remand the case to the Board for further remand to the ALJ for further findings as to Skidmore's employment during this period. On remand, the ALJ should attempt to ascertain and set out as specifically as possible Skidmore's employment history, paying particular attention to the period from March 1954 to July 1955. On remand, the parties may present such further evidence as they may be so advised to offer.
 
 
 7
 We do not address any of the additional issues presented by this case, for the decision on remand may make resolution of these issues unnecessary. The non-consideration of such issues is without prejudice, however.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 The ALJ credited Skidmore with working in only those quarters in which the records showed he earned $50.00 or more from coal mine employment. See Tackett v. Director, 6 BLR 1-839 (1984)
 
 
 [2]
 Social Security records show that Skidmore worked for Ideal Coal sometime during the third quarter of 1955, but the ALJ did not credit him with this quarter because he earned only $24